**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**OMAR MEDINA,**

     **Plaintiff,**

**v.**                                                    **Case No: 5:22-cv-77-JSM-PRL**

**HOBBY LOBBY STORES, INC.,**

     **Defendant.**

_____

**ORDER**

Before the Court in this negligence case is Plaintiff's opposed motion to compel Defendant's production of records responsive to his request number fourteen.[1] (Doc. 14). Specifically, Plaintiff seeks unredacted versions of a risk management safety document, a general safety script, and a merchandising and maintenance document Defendant provided.

---

[1] Opposition to the motion is apparent from Defendant's responsive filing. However, in the future, Plaintiff's counsel is directed to the requirements of Local Rule 3.01(g). The rule provides that "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion." Local Rule 3.01(g). Notably, compliance *requires*:

> At the end of the motion and under the heading 'Local Rule 3.01(g) Certification,' the movant:
>
> (A) must certify that the movant has conferred with the opposing party,
>
> (B) must state whether the parties agree on the resolution of all or part of the motion, and
>
> (C) if the motion is opposed, must explain the means by which the conference occurred.

*Id.* The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996).

*Id.* at 3-4. However, in response, Defendant asserts these documents are unrelated to request number fourteen, for which it does not have documents, at least for the year 2019.[2] (Doc. 15).

As Defendant points out, these redacted "policy and procedure manuals were prepared by [Defendant] for [its] [sic] internal use" and were provided in response to "Plaintiff's requests numbered two, eleven, twelve, and thirteen[.]" (Doc. 15 at 3). Notably, Plaintiff's request for production number fourteen seeks "[c]opies of publications, literature, or other documents *received* by Defendant related to premises liability accidents such as slip and falls and injury from falling merchandise including, but not limited to insurance company bulletins, trade association bulletins or government bulletins or regulations." (Doc. 14) (emphasis added).

When, as here, the defendant claims it does not have documents responsive to a request for production, "[t]he Court . . . cannot compel [it] . . . to provide information or produce documents [that do not exist, or are outside] . . . its possession, custody, or control." *Thermoset Corp. v. Building Materials Corp. of Am.*, No. 4-60268-CIV, 2014 WL 6473232, at *4-5 (S.D. Fla. Nov. 18, 2014) (citing *Multi–Tech Sys. v. Dialpad.com, Inc.*, No. Civ. 00-1540 ADMRLE, 2001 WL 34624004, at *5 n. 8 (D. Minn. Aug. 28, 2001) ("[A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable.... [W]e have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations.'"). Therefore, because Defendant states that documents responsive to request number fourteen are non-existent, and the redacted documents Plaintiff

---

[2] Notably, Plaintiff fails to contest the year of Defendant's search for documents, and the Court will not address this issue.

seeks are unrelated to request number fourteen, the Court is unable to compel production of

these unredacted documents.[3]

       **THEREON** it is **ORDERED** that the motion is DENIED.

       **DONE** and **ORDERED** in Ocala, Florida on October 6, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Plaintiff fails to contest the redactions under requests for production numbers two, eleven, twelve, and thirteen. Therefore, the Court will avoid the issue of "unilateral redaction of responsive documents based solely on the producing party's opinion that the removed information is not relevant for discovery purposes." *Bonnell v. Carnival Corp.*, No. 13-22265, 2014 WL 10979823 at *3 (S.D. Fla. Jan. 14, 2014); *see ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-cv-61274-MIDDLEBROOKS, 2017 WL 7794226, at *1 (S.D. Fla. Dec. 15, 2017) ("District Courts throughout the country appear to be divided on the issue of whether redaction may be an appropriate means to challenge relevance.").